Nevius, J.
By a stale of the case, agreed upon by the parties, it appears that this was an appeal brought to the Mercer Common Pleas, from the judgment of a justice, rendered upon the verdict of a jury. When the appeal was called, the defendant, who was the appellee, moved the court to dismiss it, because the affidavit filed with the justice, by the appellant, when he demanded an appeal, was alleged to be defective. By the sixth section of the further supplement to the small cause act, passed Nov. 23, 1821, he who appeals from a judgment of a justice, rendered on- the verdict of a jury, is required to file with the justice, when he demands his appeal, an affidavit, setting forth, among other things, “that' he verily believes he has a just and legal defence to make upon the merits of the case.” In the present case, the judgment was in favor of the defendant, and the plaintiff, who appealed, alleges, in his affidavit, that “ he has a just and legal cause of action upon the merits of the case:” and it is for this variance that the appeal was dismissed. In this the plaintiff insists was error.
The first case decided in this court, upon 4he construction of this statute, is Miller v. Martin, 3 Hal. 201, where the court held, that a plaintiff who appealed from the judgment of a justice, might, if he had merits in his ease, take the required oath, and in the terms of the statute. That as the word ‘‘ defence,” in its true legal signification, meant only an opposing or denial of the truth of the complaint, and as a plaintiff might have a just denial of the validity of the judgment on the merits of his case, the court said he might, in his affidavit, use the terms prescribed in the statute. In that case, however, the court do not say that the appellant, in his affidavit, must use the very language of the act. In the case of Engle v. Blair, 6 Hal. 339, the same court adjudged that a strict compliance with the restriction which the wisdom of the legislature had imposed, is rightfully required. But when this question came to be reviewed in subsequent cases, as it was in The Steamboat Company v. Baldwin, 2 Green, 440; and in 1 Harr. 124 and 180, this rule of strict construction was relaxed, and I think properly so. If the affidavit contains the substance of what the act requires, it is enough, and will entitle the plaintiff to his appeal. In this case, the affidavit is clearly a substantial compliance with the act. The appellant, who had *437 brought his action before the justice, and been defeated by a judgment against him, swears that he brings his appeal not for delay, and that he verily believes he has “ a legal cause of action upon the merits of his case.” This was all that was required of him. The affidavit is sufficient, and the court of common pleas erred in dismissing the appeal. Let a mandamus be awarded to that court to restore it.
Concurred in by all the court, except Justice Whitehead, who was absent.

Mandamus ordered.

Cited in Yard v. Bodine, 3 Harr. 491.